UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-cr-0229-JMS-TAB |
| | ) | |
| JOSHUA BROWN, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On August 25, 2021, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on July 30, 2021. Defendant Brown appeared in person with his appointed counsel Michael Donahoe. The government appeared by Barry Glickman, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Brent Witter.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.  The Court advised Defendant of his rights and provided him with a copy of the petition. Defendant Brown orally waived his right to a preliminary hearing.

2.  After being placed under oath, Defendant Brown admitted violation numbers 1, 2, 3, and 4. [Docket No. 39.]

3.  The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."** |
| | On or about July 22, 2021, Mr. Brown moved from his approved residence of 1307-1/2 South Main Street, Kokomo, IN 46902, without the consent or knowledge of his probation officer. Mr. Brown has failed to notify the probation officer of his whereabouts which is currently unknown. |
| 2 | **"The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons."** |
| | Mr. Liddell has been enrolled in a urine screen collection program which requires him to call in daily and report for a urinalysis when his assigned color is on the recorded line. He failed to report for drug tests on April 23, 2020; May 13, 2020; June 4, 2020; July 21, 2020, and October 21, 2020. |
| 3 | **"The defendant shall participate in mental health counseling at the direction of the probation officer, and at the same location as his substance abuse treatment."** |
| | Mr. Brown has failed to maintain current with his mental health treatment regimen. His last appointment with the treatment provider was June 1, 2021. Despite efforts by the treatment provider to schedule subsequent appointments, Mr. Brown has failed to respond. |
| 4 | **"The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance."** |
| | The Court was previously advised on May 26, 2021, Mr. Brown submitted a urine sample that returned positive for marijuana. Mr. Brown admitted to unlawfully possessing and using marijuana approximately one week prior to the collection of the drug test. Additionally, Mr. Brown admitted to continually using marijuana with his last reported use on or about June 23, 2021. |

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade C violation.

    (b) Defendant's criminal history category is V.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 7 to 13 months' imprisonment.

5. The parties jointly recommended a sentence of seven (7) months imprisonment with no supervised release to follow. Defendant requested placement at FCI Manchester with mental health treatment.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of seven (7) months with no supervised release to follow. This Magistrate Judge recommends placement at FCI Manchester and mental health treatment. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 8/26/2021

*Paul R. Cherry*
Paul R. Cherry
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system